Call the next case, please. It's number 13-3123. David Berger, on behalf of Vernon Jones. Good morning, Your Honors. Assistant State's Attorney, Joseph Alexander, on behalf of the people of the state of Illinois. Good morning. As stated earlier for the animator, 15 minutes apiece. Time for rebuttal? Yes? Okay. All right, may I proceed? Good morning, Your Honors. May it please the Court. In People v. Calvin Carter, a panel of this Court held that it is premature for the circuit court to dismiss a Section 214.01 petition on the merits where the service of that petition by an incarcerated petitioner using the institutional mail does not satisfy the requirements of Rules 105 and 106. And second, where the state does not affirmatively spread of record whether the petition has been served and, if it has not been, whether the state intends to waive the required service. What happens, though, when the state's attorney is present and the case is called? Isn't that notification sufficient at that point? Not necessarily. If there's an affirmative representation by the state on the record that it has received the petition and is aware of the contents of the petition, then in that case there would be actual notice. Would silence be enough? No, Your Honor. I don't believe it would. Why not? Because, well, this case presents an excellent example. So on the first court date in which this petition was ostensibly at issue, the petition is never even explicitly mentioned. If you read just the record of the proceeding, you have no idea what matter is actually being discussed in court that day. The only thing, I mean, how do you know that? On July 19th, 2013, the cover sheet of the transcript states that an assistant state's attorney appeared for the people. I mean, can't we presume that that state's attorney was well aware of what was before the court? Well, there's no way to determine from the record whether that's true. Well, the state's attorney spoke on the record in this case. The state's attorney made mention of the fact that this particular defendant was in custody in another state, right? That's correct. How do you think he found that out, he or she found that out? So presumably, before he got to court, he was aware of the pendency in this matter and did some research to find out where the defendant was. Well, certainly the assistant state's attorney did locate the defendant, but it may just have been that he had looked at the call sheet, said these are the cases that are up, and probably didn't remember Mr. Jones from way back when, may not have even been the assistant state's attorney that handled his plea, and simply looked up Mr. Jones' status and found out where he was. In fact, you know, I think... Isn't that enough, though? I mean, isn't that enough? I mean, what other reason would the case be on the call? It's a post-judgment matter, right? And so what other reason would it have to be on the call other than the fact that the defendant filed some type of post-judgment proceeding? Well, certainly the defendant would have filed some sort of petition, but it's not... Do you have any authority that says that the state's attorney, in order to be on notice of the pendency of this thing, that he has to know exactly, you know, what's said in the petition? Isn't it enough that they're just standing there and they know that the case is on the call? Well, he has to know, at a minimum, that it's a 214-01 petition. Do you have some authority for that? Pardon? What's your authority for that? Carter? I would say under Carter, yes, that's part of the reason why Carter requires the state to affirmatively spread of record the status of the petition regarding service and the state's position regarding any defects in service and whether it intends to waive those. Adhering to that rule in Carter allows proceedings in the trial court to generate a clear record of what the state's position actually is. We don't have that here. You would admit, would you not, that the cases that have come from the appellate court are not all aligned on that issue, isn't that right? They are not. And so Carter has been argued before the Illinois Supreme Court, and it's under advisement, isn't that right? Correct. So why should we speak to this issue until the Supreme Court rules? Is there something different about this case than the Carter case, which was already argued before the Supreme Court? I would say that in this case there is not actual notice, and so no, it would be well within your Honor's discretion to hold the case pending the Supreme Court's decision in Carter. So the answer is you don't think there's anything different about, from an issue standpoint, there's nothing different about this case in Carter? I think as the panel in Carter concluded, there was not actual notice to the state in that case. I think that same conclusion is the correct one here. How do you define actual notice? Well, it requires the state to be aware of the pendency of the particular petition at issue and to acknowledge that awareness on the record. Where does that come from? I mean, where does that requirement come from? It doesn't come from Long Island, does it? From Carter, I would say no. No, the panel of this court. Correct. There's nothing from the Supreme Court that tells us that. And you can't, you can't, nobody can seem to pronounce this case the right way. Leharne, Long Island, whatever it is. I've heard Laharne, I've heard Lawson, I don't know. Let's say Laharne. Okay. There's nothing in Laharne that leads us to that because Laharne service was effectuated. That's correct. So Laharne does not. So there's this whole body of case law that's grown out of this Laharne case that doesn't relate back to Laharne because Laharne doesn't have the issue of bad service? That's right. Well, Laharne does not settle the issue of what constitutes actual notice. That's an issue that hopefully, and I think all parties who are involved in the repeat litigation of this matter, hope that the Illinois Supreme Court's decision in Carter will adopt a clear and uniform rule that will resolve the matter once and for all. Why should you, why should your client have the ability to complain about the state's lack of notice? Why does your client have standing to raise the state's issue? They obviously don't care. They're asking us to affirm this. So they're sitting there and they're saying, we don't care that we didn't get notice. Why should you be able to raise that? I was especially thinking, I mean, you have to acknowledge the, I don't know if illogical is the right, there's something funny about the fact that the defendant created this situation by failing to follow the Supreme Court rules, and now he wants the benefit from that. So why should you be able to raise that? Well, ultimately, Your Honor, we would, Mr. Jones would contend that it's not, I mean, it's admittedly there is an antecedent error by him in not serving the petition in accordance with the requirements of Rule 105B. But the error that ultimately gives rise to the appeal is not just the improper service, it's the way in which the trial court conducted the proceedings in light of that improper service. What did the trial court do wrong? I mean, the case was on his call for more than 30 days, right? Yes. And he's supposed to wait 30 days before he dismisses it, right? But it's 30 days from the point of service, because service was never effectuated. So he didn't serve it correctly, so the time never starts going, even though it was before the court. That's correct. So, again, your client created this situation, and now he wants the benefit from it. Isn't there a standing issue? I don't think so, for a couple of reasons. One, at a minimum, Mr. Jones has proposed two alternative remedies that this court could adopt. One would be the remedy that was adopted by the panel in Carter, and that's a remand for further proceedings on this petition. The alternative remedy, which was adopted by, I believe, the Second District in People v. Nitz, would be to amend the trial court's dismissal order so that the dismissal is without prejudice, because it's the dismissal on the merits or with prejudice that is technically premature. So at a minimum, Mr. Carter certainly has standing to complain that the trial court's dismissal order was improper, insofar as it should have dismissed the petition without prejudice. And the difference between a with and without prejudice dismissal certainly affects Mr. Jones's legal rights, and so that is a legal interest that's cognizable for purposes of standing. I think what you want us to write is that the trial court should inquire of the state's attorney as to when they have notice of the 214-01 petition. That's correct. Well, shouldn't that go to the Rules Committee of the Supreme Court? Well, I think that's effective. Have you guys ever sent it to the Rules Committee of the Supreme Court, asking them to make such a rule? Well, I believe that Mr. Carter's counsel in that case, in the Illinois Supreme Court, did ask the Illinois Supreme Court to adopt a clear, uniform rule. There were various rules that were proposed. We don't, at this point, know which one the court will adopt, but that has been proposed. You know, I'm stuck on this concept that you're putting forward, that an assistant state's attorney goes to court and participates in a case and doesn't know what it's there for. I mean, you think that they're just, like, standing there looking out the window? Don't you think that when, first of all, just from a practical standpoint, when they prepare to go to court in the morning, as you said, they have a call sheet, right? And they look to see what's on the call. And then they prepare for the day. Are you asking this court to presume that an assistant state's attorney goes to court, prepares for his court call, and sees on his call sheet Vernon Jones, and he doesn't know what it's even there for? No, we're not asking the court to presume that the state's attorney doesn't know. We're asking the court to adopt a rule that requires the state's attorney to make clear on the record what is at issue and what the state's position is. Is it their job to adopt rules, make rules, or is that the job of the Supreme Court? Well, I think that's ultimately the effect of the panel's decision in Carter, is to adopt a rule that requires the state to affirmatively spread of record whether it has received the petition and if there are any defects in the service of that petition, whether the state intends to waive them. And ultimately, the wisdom of the panel's decision in Carter really is that it provides a rule up front for all parties that's clear and efficient, that puts everybody on notice as to what they need to do during the proceedings in the trial court to ensure that the proceedings are not short-circuited, that there's no procedural irregularities, and that in case there is an issue that needs to be taken up on appeal, there's a clear and complete record. I guess that's true. In a perfect society, there should be all kinds of rules like that. Unfortunately, we don't have a perfect society. That's true. To follow up on Justice Palmer's question about standing, put it another way, what's the prejudice to your client? Well, the prejudice to Mr. Jones is that he's denied the full process contemplated by the Section 240-801 statutory scheme. But the state's throwing in their towel. They're throwing it in. They don't care. He was denied the right for him to give notice? Is that what you're saying? He was denied the full process that's contemplated by the statutory scheme, which includes, for example, the opportunity to have his claim reviewed and perhaps have the state weigh in on what he thinks is a valid claim. Well, why do you think the state disagrees with the trial judge? I mean, the trial judge threw the case out. I think that they're pretty happy with that. So what else do you want them to say? I mean, you're not claiming that the merits of this petition are good, are you? We have not chosen to pursue any of Mr. Jones' substantive claims in this appeal. I mean, if a claim is meritless, doesn't have any merit, why should we send it back? If you should send the claim, you should send this petition back for further proceedings in accordance with the rule that the panel adopted in the Carter case. And the reason for that is rather than adopting a case-wise approach, Carter provides, as it currently stands, it provides the clearest and most efficient rule that we have for ensuring that these proceedings are conducted properly, that a clear record is generated for any proceedings on appeal. So what's our instruction? If we remand it, what's our instruction to the trial court? To remand it for further proceedings. But the court already looked at it, considered it, made a determination. What do we tell the trial court? We're remanding it back to you. Well, the trial court should then, at that point, re-docket the petition, and the state can step up and say what Carter requires it to say, which puts all of us in terror. We know what's going on. That's all we have to say. And then the trial judge just says, you know what, I already looked at this once. I don't know why the appellate court sent it back to me. I'm very busy. Why should I have to look at this again? Case dismissed. I mean, aren't you just taking a position that's going to crowd the dockets of the trial courts unnecessarily? Well, if the trial courts all adhered to the rule that was adopted by the panel in Carter, these issues wouldn't arise. But it did arise. And so you're asking us to duplicate the trial court's efforts. Well, it arose because the proceedings were short-circuited. Right, but you're asking us to send it back for nothing. Well, we're asking to send it back so that nothing can happen. So that the trial court can docket the petition and the state can. Docket it so there's a paper entry or a computer entry. It gets docketed, then it gets dismissed. And this state can comply with the requirements that the panel adopted in Carter. And then it gets dismissed again. And so it was just a big nothing. Well, at that point, then the 30th. We're going to have thousands of cases that are a big nothing. Well, what we would suggest, Justice Palmer, is that if there was a clear message sent to the trial courts that you adhere to the procedure that was adopted by the panel in Carter, then we wouldn't have thousands of cases arising on appeal. As Justice Garment said, this is totally a form of oversubstance argument. Right? Because it doesn't matter what the substance is. You just want everyone to follow the form. It's about the process. It is a procedural argument. That's certainly true. Let's talk for a second about M.W. In re M.W. How does that figure into this analysis? Because didn't in M.W. Didn't the Supreme Court say that one party doesn't get to raise issues of another party? This is not a case here where Mr. Jones has affirmatively injected some sort of substantive error in the proceedings and then gotten some sort of substantive relief on the basis of his own error. If anything, there's a ministerial error regarding just the service of his petition. And again, ultimately, our position, Mr. Jones' position, is not that his error is what gives rise to this issue on appeal. It's the way in which the trial court responded to the defective service. For instance, if the trial court had then looked at Mr. Jones' petition and said, you know what? I don't think this has any merit. But M.W. tells us that he doesn't have standing to raise this issue. I don't think it says that he doesn't have standing to raise this issue because Didn't they say that the minor didn't have standing to raise lack of service on the father? On the father. That's correct. Because that's something that the father's got to raise. So, I mean, can't we just take M.W. and say, you know what? The State's not complaining about their lack of service. So why should you? But if the error in this case that gives rise to this issue on appeal is the trial court's premature dismissal of the petition. I mean, when was the case on the call? It was two months and change, I believe. It only has to be 30 days. So if you're not allowed to raise lack of service and the case was on for two months, where's the error? Well, our position is that we can raise the issue regarding That's what I'm asking. If under M.W. you can't raise somebody else's lack of service issue, and so then therefore we assume that there was service, or at least we say you can't raise that issue, then there's service, and then the case has been on the call for six months, the judge looked at the petition, didn't have any merit, case dismissed, let's go forward. If there was proper service, then there would have been sufficient time would have passed. Okay. Thank you very much. How is this any different in people versus Lee? Are you familiar with that case? I'm trying to recall which one. You have to say you're familiar with it. Yes, he wrote it. It's all right. You don't know it, you don't know it. I can't recall it off the top of my head. I apologize, Your Honor.  Thank you. Thank you. May it please the Court. I am Assistant State's Attorney Joseph Alexander on behalf of the people of the State of Illinois. The issue in this case is whether the trial court prematurely dismissed a 213-01 petition where the defendant failed to provide proper notice to the State, well, failed to properly serve the State. This issue is currently pending in front of the Illinois Supreme Court. It has been fully briefed and argued. If you look at the facts of this case, the defendant pled guilty in 2005. Eight years later, in 2013, he files this 213-01 petition. The petition appears on the Court's docket on May 28, 2013. The people are present. The people inform the Court that the defendant is in custody in Indiana. The Court holds the petition on call for a month. Clearly, the Court is following, and I am having trouble for the rest of us too, Laherne, because he held this petition overdue. Is there any indication in the record that the State's Attorney at that time knew why the case was on the call? There is, Your Honor. Even though there wasn't an explicit mention of the 213-01 petition on that date, this Court doesn't have to dispense with common sense. The defendant states that he mailed the petition to the State's Attorney's office. There is no indication that we didn't receive that petition. We told the Court that the defendant was in custody in Indiana. We knew that because we received a 213-01 petition stating that he was in Indiana where his petition was mailed from. So there is evidence that we had actual notice of this petition. Again, we don't have to dispense with common sense. We wouldn't be in court if the defendant hadn't filed the petition. So why don't you just say we had actual notice, and then that's the end of the story? Well, I'm answering that, Your Honor. I'm sorry. It's not that we didn't have the trial. Well, we don't have to say that we had actual notice. There is no case law that says that we have to explicitly say that we had actual notice. If you do, then there wouldn't be a proceedings here? We have to look at the purpose of the service rules. It's to give the opposing party notice so they can appear. And in this case, we appeared. In this case, we had the opportunity to make our position known. But you mentioned earlier that there are no cases on point with regards to you having to say that you had actual notice. There is no case that says that we have to say on the record, Your Honor, we are here because the defendant filed a 213-01 petition. There is no case that says that. In fact, that's actually inconsistent with what Vincent holds, which is we don't even have to file a response of pleading. So if we don't have to file a response of pleading, why all of a sudden do we have to now say that there is a 213-01 petition that we are standing up on? There is no reason for us to do that. Again, it's all about actual notice. And in this case, we had that notice. We appeared in front of the court on the date that this petition was documented. And the petition wasn't dismissed until, I believe, 88 days later. So there is no violation in this case. I understand that the defendant wants us to read something into the case law that isn't there. And that's that explicit statement of why we are in court. But again, as I said earlier, this court doesn't have to dispense with common sense. And the record clearly shows that we had actual notice of this petition. If there are no other questions. That's what we said in Ocone, right? Yes. And all that was really set forth in Ocone was that Stixner was present. Correct. And that's all that's necessary in this case. Now, the position I – tell me if I'm wrong. The position that I think your office took in front of the Supreme Court was that, you know, that the courts don't even have to get to Ocone and Lee and Carter because of this standing issue. Because they don't have the right to even complain that there was no service. Is that – am I wrong about that? Well, we did talk about standing in the Supreme Court. And we did point out that there was a possible standing issue. But it goes – it's even simpler than standing. It's a point of fairness. The defendant is trying to take advantage of an error that he created, which is inconsistent with the well-established case law that you can't do that. And that's what all of these defendants are – the defendant in this case, which I can honestly confirm, that's what he's trying to do. He failed to follow the rules of service. And now he's trying to use his failure as a sword to attack the state and to force further proceedings after the court dismissed his petition on the merits. He shouldn't be able to benefit from his own malfeasance, I think is the way it was termed, right? That's correct. And in this case, the defendant doesn't even challenge the court's ruling on the merits. So he's abandoned that, and he's focusing only on his error. Again, it's an error that he created. And we as a people are not challenging that. We're not challenging improper service. So I honestly don't know why we're here, because we – again, everything was – that's – We thought you needed the work. I mean, it's always great to get in front of the court and practice, you know, and do an argument. I mean, I really appreciate the notice. But with this case, we had actual notice. The court waited 88 days to dismiss the petition. We were present on two days within those – that 88 days. So there really is no inherent violation. So for the reasons stated here and the reasons in our brief, if there are no further questions, we ask that you affirm the court's response to dismissal of Defendant's 214-01 petition. Thank you. Thank you. Mel? Just a couple points very briefly, Your Honor. First, in a number of cases in recent times, the Illinois Supreme Court has instructed lower courts to take a light hand with respect to pro se incarcerated defendants who sometimes have difficulty complying with the technical or procedural rules that other litigants may be able to comply with as a matter of course. And I think that is something to keep in mind in this case. And in that regard, it's really not malfeasance on behalf of Mr. Jones in this case. It's the practical difficulties that incarcerated defendants face complying with the heightened service requirements of what was originally a remedy designed to be used in civil cases. And it's not as if Mr. Jones is trying to play some sort of game where he serves the petition incorrectly and then he gets caught in this infinite loop of proceedings going on and on and on. But is it a game to ask us to take a case that has no merit and to send it back to the trial court so that the state can stand up and say, we know about this and we have nothing to say, and then it gets dismissed again? Is it a loop or a game that we shouldn't be engaging in? It's not a game. And, again, the wisdom of the panel's approach in Carter is that – Let me ask you about the wisdom of the panel's approach in Carter. What about the wisdom of the panel's approach in Ocone, two of which are sitting on this bench right now? And Ocone came out much differently than Carter did. Correct. Why shouldn't we accept the wisdom of the panel in Ocone? Well, because, Your Honor, we would argue that the rule that was adopted in Carter by requiring the state to – and bear in mind the state's attorneys are always present in court. This is not dragging them in for something that they're not already there for. In one sentence, they can make a record of the status of the petition, its service, and the state's intention to waive any defects with respect to that service. In one sentence, that record can be made. And is that something that your office is making up out of thin air? I mean, you know, why should we impose that requirement on the state? Where does that come from other than Carter, which is opposite of Ocone? So cancel those out. Tell me, where in the Supreme Court's precedent does it say that we should come up with this rule and make them stand up there and talk about the petition on the first day it's docketed? That rule has not yet been settled by the Illinois Supreme Court. But as far as this being an issue that has been made up by appointed counsel, I would simply point out respectfully, Your Honor, that the issue actually – I mean, a little bit of history of how this arose. This issue that has been litigated so many times now was first noticed not by any appointed counsel on appeal, but rather by the Fourth District Appellate Court in a case of People v. Hibble, I believe it is, H-I-B-L-E. It's an unpublished case, Rule 23. But in that case, the issue that was raised by appointed counsel on behalf of Mr. Hibble was that the trial court erred in dismissing the petition prematurely because less than 30 days had passed from the point at which counsel was taking the petition to have been properly served. And the court said, actually, looking at the record, we can't determine that the petition was ever properly served at all or that 30-day period ever began to run because there's no evidence in the record to show that the petition was properly served in the state. On the very same day, the Fourth District also rejected a Finley motion, Section 214.01 case, on the grounds that it did not raise this issue. So I know it's been described in some quarters as a manufactured issue, but, in fact, very hard-pressed to say that the issue is either manufactured or frivolous when it's something that the appellate court itself, the Fourth District, first noticed on its own initiative. So we would just, if there are no further questions from the court, Mr. Jones would just like to reiterate that the rule that is adopted in Carter, pending the Supreme Court's ultimate resolution of this issue, the rule that was adopted in Carter is the rule that best serves the interests of clarity, procedural regularity, and judicial economy. And by adhering to that rule strictly in all cases, these issues will not arise on appeal any further. And for that reason, we would ask the court to remand Mr. Jones's petition to the Circuit Court in accordance with that decision. Thank you very much. All right. I'm going to thank counsels for the well-argued matter, and this court will take it under advisement. Court is in recess.